Jesús María Santiago, Plaintiff and Appellee, *v.* Joaquín Saúl, Defendant and Appellant.

No. 3945. Argued November 12, 1927.—Decided January 10, 1928.

*F. Soto Gras* for the appellant. *Carmelo Honoré* for the appellee.

Mr. Justice Aldrey delivered the opinion of the court.

The defendant, now appellant, did not appear at the trial in the lower court and the only ground of his appeal from the judgment against him for a certain sum of money as indemnity for damages is that the lower court erred in rendering the judgment appealed from. That plea is so general that it is impossible to learn therefrom why the judgment is erroneous, although later the appellant in his argument specifies the errors attributed to the trial court.

The facts, as they appear from the transcript of the evidence, are that the appellant having been denounced by an inspector of sanitation, who is not the appellee, an ocular inspection of a house of the appellant by inspector of sanitation Jesús María Santiago was ordered by a municipal court. The appellant took in his automobile the appellee and some other persons, and entering into Loíza street, Santurce, followed it until reaching the intersection of that street at the place where the latter is continued by De Diego avenue when there was a collision between the automobile of appellant Saúl, driven by him, and another automobile with the result that the appellee was thrown out of the vehicle which carried him and was wounded seriously.

Jesús Santiago testified at the trial that Saúl was driving his automobile rather fast; that he heard a klaxon and shouted to Saúl to slow down, but he applied the brakes in the middle of the road, lost his presence of mind and the other automobile came and struck it from the rear. David

Barclay was sitting in front with Saúl. He testified that Saúl was driving rather fast and that when emerging from Loíza road to take De Diego and Park avenues another automobile was coming and he heard somebody from the back seats say "Saúl, that car is going to kill us," whereupon the automobiles collided; that Saúl was driving along the middle of the road and upon reaching that crossing he did not sound the klaxon or reduce the speed. Martín Rubio testified that he saw the automobile of Saúl already near the crossing going rather fast and along the middle of the road, but did not hear its horn, although he did hear that of the automobile coming behind which he let pass. Gualberto Romas testified that he was walking along Loíza street from Stop 44 to Park street in the opposite direction to Saúl's automobile which was going very fast, and that another automobile came up not so fast and struck it from the rear. Matilde Grajales, the inspector of sanitation who made the complaint against Saúl, was in the automobile and said that when going along Loíza street rather fast he said to Saúl, "There is a car coming, slow down," but he did not heed the warning and the collision occurred; that Saúl was driving along the middle of the road and did not sound the klaxon or horn. Arturo Santiago was the chauffeur of the other automobile and testified that on reaching the crossing he saw an automobile and in order to avoid it he drove his car toward Park street, but they collided, and that the other automobile was running very fast.

Section 12 of Act No. 75 of 1916 regulating the operation of motor vehicles provides that persons operating that kind of vehicles on the public highway shall at all times exercise due care and take every reasonable precaution to insure the safety of persons and property, it being provided in its subdivision (g) that on approaching a street or road intersection or junction or a schoolhouse during the hours when students are apt to be entering or leaving the building, speed

shall be slackened and due warning given by the proper signaling device.

It is sufficient to recall the facts as shown by the evidence in the present case to reach the conclusion that the appellant did not comply with the law cited, for on reaching the crossing of Loíza street with Park street and De Diego avenue he did not slacken the speed at which he was driving, notwithstanding the warnings from the persons who were in the automobile, or give warning with the klaxon or horn of his approaching the said place, in spite of the warning given by the automobile with which he collided. Therefore, we arrive at the conclusion that the accident which caused the injuries for which indemnity is claimed by the appellee was due solely to the failure of the appellant to comply with the requirements imposed on him by law for the reasonable precaution to insure the safety of the persons traveling in his automobile and other persons near the place; therefore, we can not hold that the judgment appealed from is not sustained by the evidence.

In view of the foregoing conclusion it is unnecessary to consider whether or not it was proved that the automobile was traveling at a greater rate of speed than the law allows, or whether the appellant reached the crossing ahead of the other automobile and therefore had reason to believe that the other automobile would stop.

The judgment appealed from must be affirmed.